GReen, J.
delivered the opinion of the court.
It is very clear, that the defendant M’Donald not hav-mg joined in the execution of the delivery bond, could not, after the execution by the other defendants and their securities, have' been rendered liable to E. Webb & Co. for the amount of the judgment, to satisfy which, the levy was made on the property,' for the delivery of which the bond was taken. Young and Whitcomb vs. Read, 3 Yerg. Rep. 297: Laird vs. Camp and others, 6 Yerg. Rep. 246. But it is contended, that although the defendant was released from his liability to the plaintiffs in that action, it does not follow, that he ceased to be liable to contribute to bis co-security, should he pay the debt. We think it does, for several reasons. In the first place by the levy of the execution upon a sufficient amount of the property of the principal to make the sum called for the execution, it was satisfied, and consequently all the liability of the complainant and defendant thereby became extinct. Young and Whitcomb vs. Read, 3 Yerg. Rep. 297: Laird vs. Camp and others, 6 Yerg. Rep. 246. The subsequent liability of the complainant arose upon the execution by him, of the delivery bond; and as the defendant did not execute it, nothing can be plainer than that he was released from all obligation, as well to the plaintiff as to his co-security.
There is, however, 'another view of the subject which is conclusive. Nothing is better settled, than that if the plaintiffs had made a binding contract with the other defendants in die execution, by which to release the levy and give farther day for payment, contrary to the wish and consent of the defendant M’Donald, such act would have released him from any further liability. If, then, his co-defendants, among whom was the complainant, availing themselves of a legal power, without his consent and against his wishes, in effect do tire same thing, does it not follow, that by the same principle he must be released from any *161 obligation to them? The implied agreement of co-securities, that they will contribute equally.of the amount that either of them may he compelled to pay for the principal, is not a stronger obligation than that which they owe to the payee of the note; any thing, therefore, which if done by the latter, would release the security, must have the same effect, if done by the former.
■ In this view of the case, it is unnecessary to consider what is the true construction of the act of 1831, ch. 25. It is admitted by the parties of record, that the delivery bond was a valid one, and taken in pursuance of law. It is also admitted in argument, and is unquestionably true, that however this may be, still the bond is good as a com- ■ mon law obligation. In either case, the contract was such an one, as that the levy was released, and further time was given without the consent of the defendant M’Donald. H,e could not have controlled the execution or prevented this course of proceeding, if he had paid the amount to the plaintiffs in the execution; so that without his consent, a liability is attempted to be forced upon him, from which he would have been- discharged, but for the act of the complainant in executing the bond. He ought-not, therefore, to be liable to contribute.
-Decree affirmed.